No. 84-406

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN THE MATTER OF THE UNIT CLARIFICATION
NO. 6-80, MONTANA PUBLIC EMPLOYEES
ASSOCIATION,

Petitioner and Appellant,

-vs-

DEPARTMENT OF ADMINISTRATION, LABOR
RELATIONS BUREAU; and THE BOARD OF
PERSONNEL APPEALS,

Respondents and Respondents.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hjort, Lopach & Tippy; Barry L. Hjort, Helena,
Montana

For Respondent:

Jayne Mitchell, Dept. of Administration, Helena,
Montana
James Gardner, Board of Personnel Appeals, Helena,
Montana

Submitted on Briefs: May 3, 1985
Decided: August 5, 1985

Filed: AUG 5 - 1985

Ethel M. Harrison
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an appeal by the Montana Public Employees Association (MPEA), appellant, from an adverse decision by the Board of Personnel Appeals (BPA), respondent, and the decision of the District Court affirming the order of the BPA, that excluded certain employees from a labor bargaining unit.

We affirm.

Two issues are presented on appeal. They are: (1) Whether the District Court erred in affirming the agency decision that a change of exclusive representatives nullified the applicability of the grandfather clause provided for in § 39-31-109, MCA; and (2) Whether the District Court erred in denying the appellant's application to present additional evidence.

Prior to November 1979, the employees at Montana State Prison were represented in collective bargaining by the American Federation of State, County, and Municipal Employees, AFL-CIO. This representative was decertified and replaced by the MPEA in November 1979. After the representative of the employees changed, the Labor Relations Bureau of the Montana Department of Administration filed a petition for unit clarification of the labor bargaining unit before the BPA. The petition sought a determination that certain classes of employment positions at Montana State Prison were "supervisory employees" and therefore should be excluded from the labor bargaining unit.

A hearing examiner of the BPA determined that positions titled "correctional lieutenants" were "supervisory." The

appellant filed exceptions to this determination and the matter was then appealed to the BPA. The appellant argued before the board that a grandfather clause, § 39-31-109, MCA, contained in the Montana Public Employees Collective Bargaining Act, §§ 39-31-101 through 39-31-409, MCA, preserved the existing bargaining unit and precluded unit clarification. This argument was not made before the hearing examiner. After hearing and considering the matter the Board ruled that the change of representatives for the bargaining unit removed the existing unit from the application of the grandfather clause. The hearing examiner's proposed order was then adopted as the final order. The MPEA then petitioned for judicial review.

Before judicial review began, the agency order was stayed and the review was held in abeyance pending the outcome of City of Billings v. Billings Firefighters Local No. 521 (Mont. 1982), 651 P.2d 627, 39 St.Rep. 1844. That case involved the grandfather clause as it pertained to bargaining units and bargaining agreements in existence in 1973, the effective date of the Act. After City of Billings was decided judicial review commenced. The appellant petitioned for leave to present additional evidence based on City of Billings. The District Court denied the request ruling that no good cause had been shown and affirmed the agency final order. It ruled that the Board's interpretation that a change of representative results in a loss of grandfather status was rational and not an abuse of discretion. This appeal followed.

Issue no. 1 concerns the propriety of the decision of the BPA that a change of representative nullifies application of the grandfather clause. In 1973, the Montana legislature

enacted a law governing collective bargaining for public employees. This law is contained in §§ 39-31-101 through 39-31-409, MCA, the Montana Public Employees Collective Bargaining Act. Several provisions of this Act are relevant here. First, the policy of the Act:

> "39-31-101. Policy. In order to promote public business by removing certain recognized sources of strife and unrest, it is the policy of the State of Montana to encourage the practice and procedure of collective bargaining to arrive at friendly adjustment of all disputes between public employers and their employees."

Next, pursuant to national labor policy, as set forth in the National Labor Relations Act, 29 U.S.C. § 151, et seq. (1976), the Montana Act specifically excludes supervisory and management employees from the definition of "public employee." Section 39-31-103(2)(b)(iii), MCA. Only public employees are allowed to bargain collectively. Section 39-31-201, MCA. Supervisory and management employees were effectively denied membership in collective bargaining units. See, City of Billings v. Billings Firefighters Local No. 521 (Mont. 1982), 651 P.2d 627, 629, 39 St.Rep. 1844, 1845.

The last provision applicable here is the grandfather clause:

> "39-31-109. Existing collective bargaining agreements not affected. Nothing in this chapter shall be construed to remove recognition of established collective bargaining agreements already recognized or in existence prior to July 1, 1973."

The Board of Personnel Appeals held that this statutory provision does not apply when there has been "such a change of exclusive representatives in a grandfathered agreement and bargaining unit." "Such a change" meaning election and certification of a new exclusive representative.

- 4 -

The Board of Personnel Appeals argues that a change of exclusive representation nullifies the applicability of the grandfather clause as to preserving the unit. The Board argues that the term "recognized," in its technical labor vernacular, applies only to representatives and it therefore follows that, because units are not "recognized," the legislature did not intend to preserve units by enacting the grandfather clause. This interpretation of the law is rational. The word "recognized" as used in § 39-31-109, MCA, is a term of art used in labor as referring to a representative. The BPA decision also is in line with relevant portions of the acts set forth above which, in effort to remove causes of strife and unrest, exclude supervisory employees from bargaining units. We hold that the District Court did not err in affirming the agency decision.

Issue no. 2 need not be considered or decided here because the resolution of issue no. 1 negates the need for additional evidence based on City of Billings to be received in this case.

The District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

- 5 -

John Conway Harrison

John C Shelby

R. C. Faulkenberry.
Justices